UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICA FIRST LEGAL FOUNDATION,<br>    Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF STATE,<br>    Defendant. | No. 23-cv-0419 (CJN) |

## ANSWER

Defendant, United States Department of State, by undersigned counsel answers the Complaint of America First Legal Foundation ("Plaintiff") as follows.

## FIRST DEFENSE

Some or all of the records and requested information in Plaintiff's Freedom of Information Act ("FOIA") requests are exempt in whole or in part under FOIA, and foreseeable harm would result from the release of this information. *See* 5 U.S.C. § 552(b).

## SECOND DEFENSE

The Court lacks subject matter jurisdiction over any requested relief that exceeds the relief authorized by the FOIA.

## THIRD DEFENSE

To the extent the Complaint alleges background facts unnecessary to the consideration of Defendant's response to the FOIA request at issue, the Complaint violates Rule 8(a)(2) by alleging information that is unnecessary to a "short and plain" statement of the claim. The Court should strike all such immaterial and impertinent matters pursuant to Rule 12(f). *See Mich.*

*Immigr. Rts. Ctr. v. Dep't of Homeland Sec.*, Civ. A. No. 16-14192, 2017 WL 2471277, at *3 (E.D. Mich. June 8, 2017) (deeming stricken under Rule 12(f) background facts alleged in a FOIA complaint: "In this unique context, requiring Defendants to answer allegations in Plaintiffs' complaint that they would not otherwise be required to answer, and that are not material to Plaintiffs' FOIA claim, would prejudice Defendants."); *Robert v. Dep't of Just.*, Civ. A. No. 05-2543, 2005 WL 3371480, at *11 (E.D.N.Y. Dec. 12, 2005) (striking allegations of background facts; concluding that plaintiff's "allegations are irrelevant to the validity of [his] FOIA claims").

### FOURTH DEFENSE

FOIA does not provide for declaratory relief against a federal agency.

### RESPONSES TO THE NUMBERED PARAGRAPHS OF THE COMPLAINT

1. This paragraph contains Plaintiff's characterizations of its Complaint and its requested relief under FOIA, to which no responses are required. To the extent a response is deemed required, Defendant admits that the Plaintiff made the FOIA requests at issue in this case and otherwise denies the allegations in this paragraph.

2. To the extent the allegations in this paragraph seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

3. To the extent the allegations in this paragraph seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f). To the extent any further response is required, the allegations are denied.

4. Defendant denies the allegations in this paragraph and avers that Defendant has continued to process Plaintiff's FOIA requests.

5. To the extent the allegations in this paragraph seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f). To the extent any further response is required, the allegations are denied.

## JURISDICTION AND VENUE[1]

6. Paragraph 6 sets forth conclusions of law to which no response is required. Defendant admits that this Court has jurisdiction over claims properly brought under FOIA, as limited by the relief available under FOIA. Defendant denies that declaratory relief is applicable under the FOIA.

7. Defendant admits that venue in this district is proper.

## PARTIES

8. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

9. Defendant admits that it is an agency of the United States with offices at the location specified.

10. This paragraph asserts conclusions of law to which no response is required.

## AFL'S FOIA REQUESTS

11. Defendant admits that it received a FOIA request from Plaintiff on August 2, 2021, and that a copy of that request is attached as Exhibit A to the Complaint (ECF No. 1-1). In further response, Defendant refers the Court to the referenced FOIA request for a complete and accurate statement of its contents and denies the allegations in this paragraph to the extent inconsistent with the content of that document.

12. Defendant admits that it sent Plaintiff an email dated August 10, 2021 that assigned the FOIA request Case Control Number F-2021-08873, and that a copy of this email is

---

[1] For ease of reference only, Defendant's Answer replicates the headings contained in the Complaint. Although Defendant believes that no response is required to such headings, to the extent a response is deemed required and to the extent those headings and titles could be construed to contain factual allegations, those allegations are denied.

attached as Exhibit B to the Complaint (ECF No. 1-2). In further response, Defendant refers the Court to the referenced email for a complete and accurate statement of its contents and denies the allegations in this paragraph to the extent inconsistent with the content of that document.

13. Admitted.

14. Defendant refers the Court to the referenced Exhibit B for a complete and accurate statement of its contents and denies the allegations in this paragraph to the extent inconsistent with the content of that document.

15. Defendant admits it received an email from the Plaintiff on October 28, 2022 seeking a status update, and that a copy of the referenced email is attached as Exhibit C to the Complaint (ECF No. 1-3). In further response, Defendant refers the Court to the referenced email for a complete and accurate statement of its contents and denies the allegations in this paragraph to the extent inconsistent with the content of that document.

16. Defendant admits that it sent Plaintiff an email dated October 31, 2022, and refers the Court to the referenced Exhibit C for a complete and accurate statement of its contents. Defendant denies the allegations in this paragraph to the extent inconsistent with the content of that document.

17. In response to Plaintiff's paragraph 17, Defendant admits that it has not yet provided a substantive response to Plaintiff's FOIA request, but avers that Defendant continues to process the request.

18. Defendant admits that it received a FOIA request from Plaintiff on October 29, 2021, and that this request is attached as Exhibit D to the Complaint (ECF No. 1-4). In further response, Defendant refers the Court to the referenced FOIA request for a complete and accurate

statement of its contents and denies the allegations in this paragraph to the extent inconsistent with the content of that document.

19. Defendant admits that it sent Plaintiff an email dated November 3, 2021, and assigned the FOIA request Case Control Number F-2022-00890. Defendant further admits that a copy of that email is attached as Exhibit E to the Complaint (ECF No. 1-5).

20. Admitted.

21. Defendant refers the Court to the referenced Exhibit E for a complete and accurate statement of its contents and denies the allegations in this paragraph to the extent inconsistent with the content of that document.

22. In response to Plaintiff's paragraph 22, Defendant admits that it has not yet provided a substantive response to Plaintiff's FOIA request, but avers that Defendant continues to process the request.

23. Defendant admits that it received a FOIA request from Plaintiff on March 16, 2022, and that a copy of this request is attached as Exhibit F to the Complaint (ECF No. 1-6). In further response, Defendant refers the Court to the referenced FOIA request for a complete and accurate statement of its contents and denies the allegations in this paragraph to the extent inconsistent with the content of that document.

24. Defendant refers the Court to the referenced Exhibit F for a complete and accurate statement of its contents and denies the allegations in this paragraph to the extent inconsistent with the content of that document.

25. Defendant admits that it sent Plaintiff an email dated March 17, 2022 and assigned the FOIA request Case Control Number F-2022-06040. Defendant further admits that a copy of this email is attached as Exhibit G to the Complaint (ECF No. 1-7).

26. Admitted.

27. Defendant refers the Court to the referenced Exhibit G for a complete and accurate statement of its contents and denies the allegations in this paragraph to the extent inconsistent with the content of that document.

28. In response to Plaintiff's paragraph 28, Defendant admits that it has not yet provided a substantive response to Plaintiff's FOIA request, but avers that Defendant continues to process the request.

29. Defendant admits that it received a FOIA request from Plaintiff on March 16, 2022, and that a copy of this request is attached as Exhibit H to the Complaint (ECF No. 1-8).  In further response, Defendant refers the Court to the referenced FOIA request for a complete and accurate statement of its contents and denies the allegations in this paragraph to the extent inconsistent with the content of that document.

30. Defendant admits that it sent Plaintiff an email dated March 17, 2022 and assigned the FOIA request Case Control Number F-2022-06035.  Defendant further admits that a copy of this email is attached as Exhibit I to the Complaint (ECF No. 1-9).

31. Admitted.

32. Defendant refers the Court to the referenced Exhibit I for a complete and accurate statement of its contents and denies the allegations in this paragraph to the extent inconsistent with the content of that document.

33. In response to Plaintiff's paragraph 33, Defendant admits that it has not yet provided a substantive response to Plaintiff's FOIA request, but avers that Defendant continues to process the request.

34. Defendant admits that it received a FOIA request from Plaintiff on May 20, 2022, and that a copy of this request is attached as Exhibit J to the Complaint (ECF No. 1-10). In further response, Defendant refers the Court to the referenced FOIA request for a complete and accurate statement of its contents and denies the allegations in this paragraph to the extent inconsistent with the content of that document.

35. Defendant admits that it sent Plaintiff an email dated May 27, 2022 and assigned the FOIA request Case Control Number F-2022-08578. Defendant further admits that a copy of that email is attached as Exhibit K to the Complaint (ECF No. 1-11)

36. Defendant admits the facts of this allegation.

37. Defendant refers the Court to the referenced Exhibit K for a complete and accurate statement of its contents and denies the allegations in this paragraph to the extent inconsistent with the content of that document.

38. Defendant refers the Court to the referenced Exhibit K for a complete and accurate statement of its contents and denies the allegations in this paragraph to the extent inconsistent with the content of that document.

39. Defendant admits it received an email from the Plaintiff on August 31, 2022 seeking a status update, and that a copy of that email is attached as Exhibit L to the Complaint (ECF No. 1-12).

40. Defendant admits that it sent Plaintiff an email dated September 9, 2022. In further response, Defendant refers the Court to the referenced email, which appears as part of Exhibit L to the Complaint, for a complete and accurate statement of its contents and denies the allegations in this paragraph to the extent inconsistent with the content of that document.

41. Defendant refers the Court to Exhibit L to the Complaint for a complete and accurate statement of its contents and denies the allegations in this paragraph to the extent inconsistent with the content of that document.

42. In response to Plaintiff's paragraph 42, Defendant admits that it has not yet provided a substantive response to Plaintiff's FOIA request, but avers that Defendant continues to process the request.

## **CLAIM FOR RELIEF**

43. Defendant's responses to paragraphs 1 through 42 are hereby incorporated by reference as if set forth fully herein.

44. In response to Plaintiff's paragraph 44, Defendant admits that it received five FOIA requests from Plaintiff on various dates and those requests are included among the exhibits to the Complaint. The remainder of this paragraph asserts legal conclusions to which no response is required.

45. Defendant denies the allegations in this paragraph and avers that it continues to process the requests.

46. This paragraph contains a legal conclusion to which no response is required. To aver further, Defendant admits that it has not yet provided a substantive response to Plaintiff's FOIA request, but avers that Defendant continues to process the request. To the extent any further response is required, the allegations are denied.

47. This paragraph contains a legal conclusion to which no response is required.

48. This paragraph contains a legal conclusion to which no response is required.

49. This paragraph contains a legal conclusion to which no response is required.

The remaining portions of the Complaint contain Plaintiff's request for relief, to which no response is required. To the extent a response is deemed necessary, Defendant denies that Plaintiff is entitled to the relief requested. Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, Defendant asserts a general denial as to those allegations contained in the Complaint that are not specifically admitted herein.

Respectfully submitted,

MATTHEW M. GRAVES, D.C. BAR #481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

By: \_\_\_/s/_____
JEREMY S. SIMON, D.C. BAR #447956
Assistant United States Attorney
601 D. Street, N.W.
Washington, D.C. 20530
(202) 252-2528
Jeremy.simon@usdoj.gov

Counsel for Defendant